UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PERDOMO & COMPANY, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 14-0380 |
| JOHN M. BROWN INSURANCE AGENCY INCORPORATED, ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Plaintiff Perdomo & Company, LLC's motion to remand. (Rec. Doc. 5). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

**I.     BACKGROUND**

On October 11, 2013, Perdomo brought this action against Defendants John M. Brown Insurance Agency, Inc. ("JMBI") and Preferred Contractors Insurance Company Risk Retention Group, LLC ("PCIC") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. The petition only alleges state law claims. PCIC was served on January 16, 2014, via the Louisiana Secretary of State, and JMBI was presumably served sometime between January 20, 2014, and February 19, 2014. (Rec. Doc. 5 at 2). On February 19, 2014, JMBI filed a notice of removal, on the basis of diversity jurisdiction, that "contain[ed] no consent from PCIC." (*Id.*). On April 28, 2014, PCIC formally consented to the removal.

This sequence is summarized as follows:

| | |
|---|---|
| **January 16, 2014** | PCIC is actually served; PCIC's removal period begins. |
| **January 20, 2014**, *30 days before February 19, 2014* | Earliest JMBI could have been served; earliest JMBI's removal period could have begun. |

| | |
|---|---|
| **February 15, 2014**, *30 days after January 16, 2014* | PCIC's removal period ends. |
| **February 19, 2014** | JMBI actually files notice of removal; latest JMBI could have been served. |
| **March 21, 2014**, *30 days after to February 19, 2014* | Latest JMBI's removal period could have ended. |
| **April 28, 2014** | PCIC actually consents to JMBI's notice of removal. |

## II.  PRESENT MOTION

Perdomo now moves to remand on the basis that the removal was procedurally defective because the defendants did not unanimously consent in a timely manner. (Rec. Doc. 5). JMBI responds that PCIC was not required to consent within a certain time period and, even if it was required to do so, PCIC has since cured any procedural defect in the removal. (Rec. Doc. 9). Alternatively, it argues that JMBI should not be penalized for PCIC's absence from the state court proceedings. Perdomo then replies, arguing that equitable relief is not justified because Perdomo has not engaged in dilatory tactics. (Rec. Doc. 19). JMBI further responds, arguing, in part that this Court has discretion to allow the removal even if it was procedurally defective. (Rec. Doc. 20).

## III.  LAW & ANALYSIS

After a defendant has been served with a petition, that defendant has 30 days to file a notice of removal. 28 U.S.C. § 1446(b)(1), -(b)(2)(B). Where there is more than one defendant, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(C); *see Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011). "If [the] defendants are served at different times, and a later-served defendant files a

[timely] notice of removal, any earlier-served defendant may consent to the removal." 28 U.S.C. § 1446(b)(2)(C). "'[A]ny doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). Thus, "[a] federal district court does not have authority to enlarge or extend this time period." *Skidmore v. Beech Aircraft Corp.*, 672 F. Supp. 923, 925 (M.D. La. 1987); *see Sciortino v. Nat'l R.R. Passenger Corp.*, No. Civ.A. 05-1461, 2005 WL 1431697, *1 (E.D. La. May 27, 2005) (Englehardt, J.).

Here, it is necessary to review the sequence of events. PCIC was served on January 16, 2014. It is not entirely clear when JMBI was served. However, for its February 19, 2014, notice of removal to have been timely, JMBI must have been served within 30 days of its notice of removal. This would mean that it was served sometime after January 20, 2014, and on or before February 19, 2014.[1]

Because JMBI could not have been served before January 20, 2014, and because PCIC was actually served on January 16, 2014, PCIC is the earlier-served defendant and JMBI the later-served. PCIC's removal period ended on February 15. 2014. JMBI filed its notice of removal on February 19, 2014. Thus, PCIC's removal period had elapsed by the time JMBI filed its notice of removal.[2] PCIC gave its consent on April 28, 2014, well after JMBI's removal period ended.

Thus, the issue presented is whether PCIC's consent to JMBI's notice of removal is valid. It is clear that 28 U.S.C.§ 1446(b)(2)(C) does not provide any express time limit as to when consent may be given. It merely provides that, when JMBI initiated removal, PCIC was

---

[1] The petition was sent via letter dated December 30, 2013.
[2] PCIC's 30-day removal period lasted from January 16, 2014, until February 15, 2014. If JMBI had filed its notice of removal during PCIC's removal period, PCIC would have been permitted to simply consent pursuant to 28 U.S.C. § 1446(b)(1) and § 1446(b)(2)(B).

permitted to consent to that removal after its own removal period had ended. *Id*. However, this does not obviate the underlying requirement that "all defendants . . . must join in or consent to the removal of the action." 28 U.S.C § 1446(b)(2)(a). JMBI could not have filed its notice of removal before it had been served on February 19, 2014, meaning that JMBI's 30-day removal period could not have lasted later than March 21, 2014. Thus, JMBI's unconsented-to removal was procedurally deficient after March 21, 2014. After that date, there was not a valid removal to which PCIC could offer its consent. Therefore, the removal is procedurally defective.[3] This is in keeping with the overall admonition that any doubt as to the propriety of removal should be resolved in favor of remand, especially where time limitations are concerned.

## IV.   CONCLUSION

For these reasons, **IT IS ORDERED** that this case is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 18th day of June, 2014.

                                                    */s/ Eldon E. Fallon*
                                                  UNITED STATES DISTRICT JUDGE

---

[3] As discussed above, removal was procedurally defective even if JMBI filed its notice in a timely manner. However, if JMBI did not file its notice in a timely manner it is also procedurally defective on that basis alone. Thus, it remains procedurally defective regardless of when JMBI filed its notice of removal.